UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANDERSON ANDREW,

                                        Plaintiff,

-against-

POLICE OFFICER BESNIK BOJKOVIC,
SHIELD NO. 9214, "JOHN DOE 1-3" FROM
THE 67th PRECINCT,

                                      Defendants.
------------------------------------------------------------------------X

*COMPLAINT AND JURY DEMAND*

Docket No.
1:14-cv-6236

ECF CASE

Plaintiff Anderson Andrew, by his attorney Joseph Indusi, of London Indusi, LLP, for his complaint against defendant New York Police Department Officers alleges as follows:

PRELIMARY STATEMENT:

1. This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the First, Fourth and Fourteenth Amendments of the United States Constitution.

2. The claim arises from a March 1, 2014 incident in which defendants, acting under color of state law, violently threw Mr. Andrew's against a mailbox at New York Avenue and East 92nd Street in Brooklyn, NY, and arrested him for no valid reason. Mr. Andrew's spent approximately 24 hours unlawfully in police custody. Mr. Andrew's case was terminated in his favor and sealed on September 1, 2014.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

JURISDICTION

1

4. This action arises under the First, Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

## VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff resided at all times here relevant in Kings County, City and State of New York. Plaintiff is a technician for Coney Island Hospital.

8. Defendant Bojkovic and John Doe 1-3, were, at all times here relevant, a police officer of the NYPD and as such were acting in the capacity of an agent, servant and employee of the City of New York.

9. On information and belief, at all times relevant hereto, Defendant Bojkovic and Defendant John Doe 1-3, were involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting plaintiff without probable cause.

10. Upon information and belief, Defendant Bojkovic and Defendant John Doe 1-3 were under the command of the 67th precinct on the date of the incident.

11. While an officer at the 67th precinct, Defendant Bojkovic and Defendant John Doe 1-3's supervisors failed to train, supervise, discipline and control them.

12. On information and belief, at all times relevant hereto, Defendant Bojkovic and Defendant John Doe 1-3 were under the command of the 67th precinct and are sued in their

individual capacity.

13. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

14. On March 1, 2014, at approximately 8:50 p.m., Mr. Andrew was standing on the sidewalk at New York Avenue and East 92nd Street in Brooklyn, New York.

15. Defendant Bojkovic and Defendant John Doe 1, approached Mr. Andrew and told him to leave the location.

16. Mr. Andrew was lawfully present on a public sidewalk and not committing any violations of law or local ordinances.

17. Mr. Andrew called 911 to make a complaint about Defendant Bojkovic and Defendant John Doe 1.

18. The 911 Operator told Mr. Andrews to stay at the location and that Police would be there soon to take a statement from him.

19. Defendant Bojkovic and Defendant John Doe 1-3 then left the location at New York Avenue and East 92nd Street, and Mr. Andrew remained at the location as per the 911 Operators instructions.

20. A short time later, Defendant Bojkovic and Defendant John Doe 1-3 returned to the location and approached Mr. Andrew for a second time.

21. Defendant Bojkovic and Defendant John Doe 1 then violently threw Mr. Andrew up against a mailbox on New York Avenue and East 92nd Street, causing injury to his torso.

22. Defendant Bojkovic and Defendant John Doe 1, then, acting in concert, unlawfully

handcuffed Mr. Andrew in an excessively tight manner causing marks on plaintiff's wrists.

23. Defendant John Doe 2-3 were present on scene and did not stop the unlawful arrest or excessive force of Mr. Andrew.

24. Defendant Bojkovic and Defendant John Doe 1 then threw Mr. Andrew into the unmarked vehicle and drove him to the 67th Precinct, ignoring his requests to loosen the cuffs.

25. There was no probable cause to arrest Mr. Andrew.

26. Mr. Andrew was then taken to central booking to await arraignment.

27. While Mr. Andrew was in central booking, Officer Bojkovic and John Doe 1-3, acting in concert and with malice, conveyed false information to prosecutors in order to have Mr. Andrew prosecuted for Resisting Arrest and Disorderly Conduct.

28. Mr. Andrew was unlawfully held in police custody and arraigned on those charges.

29. At arraignments, the Judge released Mr. Andrew on his own recognizance.

30. Plaintiff Andrew spent approximately 24 hours unlawfully in police custody.

31. Mr. Andrew's case was terminated in his favor and sealed on September 1, 2014.

32. At all times during the events described above, the Defendant Bojkovic and Defendant John Doe 1-3 were engaged in a joint venture and formed an agreement to violate plaintiff's rights.

33. Defendant Bojkovic and Defendant John Doe 1-3 assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

34. Defendant Bojkovic and Defendant John Doe 1-3 failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

35. During all of the events described, Defendant Bojkovic and Defendant John Doe 1-3

acted maliciously and with intent to injure plaintiff.

36. As a result of Defendant Bojkovic and Defendant John Doe 1-3's retaliatory conduct, Mr. Andrew has been deterred from exercising his 1st Amendment right to association.

## DAMAGES

37. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a) Violation of his rights pursuant to the First Amendment of the United States Constitution to free association;

    b) Violation of his rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;

    c) Violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

    d) Physical pain and suffering;

    e) Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

    f) Loss of liberty;

    g) Lost wages; and

## FIRST CAUSE OF ACTION
### False Arrest and False Imprisonment Under 42 U.S.C. § 1983 Against Individual Defendants

38. The above paragraphs are here incorporated by reference.

39. The defendants wrongfully and illegally arrested, detained and imprisoned plaintiff.

40. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

41. At all relevant time's defendants acted forcibly in apprehending, arresting, and imprisoning plaintiff.

42. Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

43. At all times, the unlawful, wrongful, and false arrest and imprisonment of plaintiff was without basis and without probable cause or reasonable suspicion.

44. All of this occurred without any illegal conduct by plaintiff.

45. Mr. Andrew's case was terminated and sealed in his favor on September 1, 2014.

46. The defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

47. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

SECOND CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

48. The above paragraphs are here incorporated by reference.

49. By using excessive force against plaintiff, and failing to intervene on behalf of one another's unlawful and unconstitutional conduct, defendants deprived plaintiff of his rights, remedies, privileges, and immunities guaranteed to ever citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth Amendment to the United States Constitution.

50. In addition, the defendants conspired amongst themselves to deprive plaintiff of his constitutional rights and took numerous steps in furtherance of such conspiracy, as set forth above.

51. The defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

52. Said acts by defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

53. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

THIRD CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

54. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

55. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

56. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages herein alleged.

## FOURTH CAUSE OF ACTION
First Amendment Retaliatory Violation Under
42 U.S.C. § 1983 Against Individual Defendants

57. The above paragraphs are here incorporated by reference.

58. The Mr. Andrew engaged in protected speech.

59. The defendant's retaliated against plaintiff for exercising his right to free speech by illegally arresting, detaining, and imprisoning the plaintiff without a valid warrant, without plaintiff's consent and without probable cause or reasonable suspicion.

60. The defendant's retaliated against plaintiff for exercising his right to free speech by using excessive force without justification.

61. Said retaliation would likely deter a person of ordinary firmness from the exercise of First Amendment rights.

62. All of this occurred without any illegal conduct by plaintiff.

63. Plaintiff's case was terminated in his favor and sealed.

64. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

65. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

WHEREFORE, plaintiff respectfully requests judgment against defendants, jointly and severally, as follows:

A.  In favor of plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

B.  Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C.  Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

D.  Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

E.  Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: October 23, 2014
Brooklyn New York

Respectfully submitted,

/s/ Joseph Indusi
*Joseph Indusi, Esq.*
Bar Number: JI6499
Attorney for Mr. Lopez
London Indusi LLP
186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 249-9391 – Fax
Joe@LondonIndusi.com